IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE ORDER REQUIRING GOOGLE, INC. TO ASSIST IN THE EXECUTION OF A SEARCH WARRANT ISSUED BY THIS COURT | Case No. 2:18mj 252 SRW<br><br>APPLICATION<br><br>**Filed Under Seal** |

## INTRODUCTION

The United States of America, by and through Louis Franklin, United States Attorney, and Ben Baxley, Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, for an order requiring Google, Inc. ("Google") to assist in the execution of a federal search warrant by bypassing the lock screen of an Android device, specifically, a Black LG Cellular Phone.

## FACTS

The Drug Enforcement Administration currently has in its possession an Android device, A Black LG Cellular Telephone that is the subject of a search warrant issued by this Court. Initial inspection of the Android device reveals that it is locked. Because the Android device is locked, law enforcement agents are not able to examine the data stored on the Android device as commanded by the search warrant.

The Android device is a Black LG Cellular Phone. It has Model #( UNKNOWN at this time), on the T-Mobile USA network with access number 678-973-5253, IMEI # 356233097376906, and is associated with the Gmail account ( Unknown at this time).

Google, the creator of the Android operating system and producer of the Android device, may have the capability of bypassing the Android device's lock and thereby retrieving data stored on the Android device that is not currently accessible to the Drug Enforcement

Administration. This Application seeks an order requiring Google to use any such capability, so as to assist agents in complying with the search warrant.

The United States requests that the Court order that Google, if necessary, must reactivate the Google account associated with the Android Device for the limited purpose of complying with the search warrant.

Further, the United States requests that Google be directed to: (1) provide a single password reset for the Android device; (2) provide the new password to the law enforcement officer executing the search warrant; and (3) upon unlocking the target Android device, again reset the Google account password promptly upon notice that the imaging of the phone is complete, without providing it to the law enforcement officer or agency so as to prevent future access.

Further, the United States represents that the reset process may not be unobtrusive to the subject and that the subject may receive notice to one or more accounts of the reset. Accordingly, the United States requests that the Court order that any such notice is not a violation of any seal or nondisclosure requirement.

Finally, the United States does not seek authority to use the new password to attempt to access the subject's online accounts other than as synchronized on, and stored in, memory within the target device at the time of execution of the warrant, and does not object to the Court prohibiting such use of the password to be provided by Google.

## DISCUSSION

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not

otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43 (1985). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice… and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.,* 434 U.S. 159, 174 (1977). Specifically, in *United States v. New York Tel. Co.,* the Supreme Court held that the All Writs Act permitted district courts to order a telephone company to effectuate a search warrant by installing a pen register. Under the reasoning of *New York Tel. Co.*, this Court has the authority to order Google to use any capabilities it may have to assist in effectuating the search warrant for the Android device by unlocking the Android Device.

The government is aware, and can represent, that in other cases, courts have ordered Google to assist in effectuating a search warrant by unlocking other Android devices under the authority of the All Writs Act. Additionally, Google has complied with such orders.

The requested order would enable agents to comply with this Court's warrant commanding that the Android device be examined for evidence identified by the warrant. Examining the Android device without Google's assistance, if it is possible at all, would require significant resources and may harm the Android device. Moreover, the order is not likely to place any unreasonable burden on Google.

_____
Ben Mark Baxley
Assistant United States Attorney

Date: 11-16-18